Barbara A. Solomon (bsolomon@fzlz.com)
Emily Weiss (eweiss@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, New York 10036
Tel. (212) 813-5900
Fax (212) 813-5901

*Attorneys for Plaintiff Chanel, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHANEL, INC., | |
| Plaintiff, | Civil Action No. _____ |
| v. | **COMPLAINT** |
| RYAN LADIJINSKY d/b/a love\*\*on\*\*the\*\*rocks\*\* and d/b/a TOO COOL FOR SCHOOL 567 and d/b/a ANONYMOUS000_225@EBAY.COM and d/b/a VALUSHKA652012@EBAY.COM, | |
| Defendant. | |

Plaintiff Chanel, Inc. ("Plaintiff" or "Chanel"), by its attorneys Fross Zelnick Lehrman & Zissu, P.C., for its Complaint against Defendant Ryan Ladijinsky d/b/a love\*\*on\*\*the\*\*rocks\*\*, Too Cool For School 567, anonymous000_225@eBay.com and valushka652012@eBay.com ("Ladijinsky" or Defendant) alleges as follows:

SUBSTANCE OF THE ACTION

1.      This action arises out of Defendant's unauthorized marketing and sale of a wide assortment of products bearing a host of Chanel's federally-registered trademarks including its iconic CC and CHANEL marks, among others, that are not authorized for sale by Chanel, that

are marked as not intended for resale, and that are materially different from goods that Chanel authorizes for sale. By selling products bearing Chanel's marks that are materially different from genuine Chanel goods and that fail to include Chanel's protective outer packaging, Defendant is undermining Chanel's quality control efforts, deceiving consumers as to the goods being sold, depriving consumers of important information, harming Chanel's reputation as a source of premium high-quality goods, damaging Chanel, and causing immediate and irreparable harm to Chanel.

2. Defendant, who is not and has never been an authorized distributor of any Chanel product, is offering for sale and selling testers of Chanel cosmetics including lip gloss, powder and blush; unboxed fragrance and cosmetics; and even used fragrance items. All of these items bear Chanel's federally-registered CHANEL and/or CC Monogram trademarks, among other marks. The products are all being sold without Chanel's signature outer or secondary packaging which includes (a) Chanel's outer box; (b) safety features that ensure that a third-party does not access the product and that visually show consumers there has been no tampering; (c) ingredient lists; (d) Chanel's internal SKU and bar codes for tracking purposes; and (e) the aesthetic features of Chanel's distinctive packaging, features that together create Chanel's overall genuine product and that are material to a consumer's purchasing decision (the "Infringing Chanel Products"). Defendant's sale of such products is with knowledge of and in defiance of Chanel's prior objections.

3. Defendant's conduct leaves the branded products unprotected, deprives Chanel of the ability to control the quality of products sold under its marks, and hinders Chanel's ability to guard against the sale of stolen and counterfeit goods. Further, Defendant's actions are likely to lead consumers to suspect that the goods are inferior, stolen, defective, or the subject of a recall.

Finally, the lack of the secondary packaging means that the products lack information required by the Food and Drug Administration ("FDA"), including but not limited to ingredient lists in the case of fragrance and beauty items and information concerning the composition of beauty tools (*i.e.*, whether a brush is made of natural or synthetic fibers).

4.      Because Defendant is using Chanel's trademarks to sell goods that are not authorized by Chanel, that are not identical to Chanel's authorized merchandise, and that are materially different from genuine Chanel products, Defendant is violating Chanel's rights. Accordingly, Chanel asserts claims for federal trademark infringement under Section 32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B); and unfair competition under New York common law.  Chanel seeks, *inter alia*, injunctive relief; an accounting and award of Defendant's profits flowing from his infringing activities, which amount should be trebled; statutory damages of up to $2,000,000 per each of the 28 counterfeit marks used by Defendant as statutory damages for counterfeiting; prejudgment interest; attorneys' fees; and any other relief the Court deems just and proper.

PARTIES

5.      Plaintiff Chanel, Inc. is a corporation organized and existing under the laws of New York with a principal place of business at 9 West 57th Street, New York, New York 10019.

6.      Upon information and belief, Ryan Ladijinsky is an individual doing business on eBay under a variety of seller names including Too Cool For School 567, love**on**the**rocks**, anonymous000_225@eBay.com, and valushka652012@eBay.com and who resides and does business out of his residence located at 2942 W. 5th Street, Apt. 7R,

Brooklyn, New York 11224-1171.  Ladijinsky sells his products to purchasers around the

country, including selling the Infringing Chanel Products to consumers in this district.

JURISDICTION AND VENUE

7.      This action arises under the trademark laws of the United States, 15 U.S.C.

§§ 1051, *et seq.*, and the statutory and common law of New York.  This Court has jurisdiction

over the subject matter of this action pursuant to § 39 of the Lanham Act, 15 U.S.C. § 1121, and

under Sections 1331, 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a)-(b).  The

Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the

Judicial Code, 28 U.S.C. § 1367(a).

8.      This Court has personal jurisdiction over Defendant under Sections 301 and/or

302 of the New York Civil Practice Laws and Rules because Defendant continuously and

systematically conducts, transacts, and solicits business in this district, because Defendant ships

and sells the Infringing Chanel Products in and to this district, and operates a fully-interactive

store on the eBay platform that allows consumers from this district to purchase the Infringing

Chanel Products, because the events giving rise to this Complaint occurred in this state and/or

had effects in this state, and because Chanel, whose headquarters are in this district, will be

harmed in this district.

9.      Upon information and belief, venue is proper in this district pursuant to Sections

1391(b)(1) and 1391(b)(2) of the Judicial Code, 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2),

because Defendant resides in this district, a substantial part of the events giving rise to the claims

occurred in this district, the Infringing Chanel Products are shipped into this district, and Chanel

is suffering harm in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.   Plaintiff's Beauty and Fragrance Business

10.   Chanel is a premier manufacturer and seller of a wide variety of luxury goods and is a recognized leader in the fields of beauty and fragrance.  Chanel's fragrance and beauty products, renowned for their high quality, are sold in its free-standing Chanel boutiques, and are authorized for sale in thousands of retail locations throughout the United States.  All of Chanel's beauty and fragrance products are sold in packaging that prominently features not only Plaintiff's iconic CHANEL and/or CC monogram trademarks but also Chanel's recognizable fragrance names and cosmetic marks.  In the case of Defendant and the products he is offering, these marks include dozens of Chanel's federally registered marks, including 1932, 31 RUE CAMBON, ALLURE, BEIGE, BEL RESPIRO, CHANCE, COCO, COCO CODE, COCO MADEMOISELLE, COROMANDEL, CUIR DE RUSSIE, EGOISTE, GLOSSIMER, JERSEY, JOUES CONTRASTE, LUMIERE D'ARTIFICES, LUMIERE SCULPTEE DE CHANEL, MISIA, NO. 5, NO. 18, NO. 19, NO. 22, OMBRE ESSENTIELLE, ROUGE ALLURE, ROUGE DOUBLE INTENSITE and SYCOMORE (the "Chanel Marks").  Hundreds of millions of dollars of beauty and fragrance products have been sold under the Chanel Marks.

11.   Chanel's beauty and fragrance products, including the products at issue in this dispute, are renowned for their high quality and are identified and distinguished not only by the use of the Chanel Marks but also by the product packaging which is more fully described below.

12.   As a leader in the field of luxury fashion and beauty products, Chanel ensures that all of its products, including its beauty and fragrance products, are marketed and sold in a manner that befits and enhances Chanel's reputation as a premium brand.  It is essential to the marketing of Chanel beauty and fragrance products that all genuine products appear in a uniform

fashion and that the products are packaged, displayed and sold in appealing packaging that enhances the value of the products and that reflects the hard-earned image and reputation of Chanel as a manufacturer and seller of high-end luxury goods.  Indeed, Chanel goes to great lengths and expense to present its fragrance and beauty products in an appealing manner.  The total packaging, including both the primary packaging and the secondary (or outer) packaging, is integral to the product and to the buyer's experience of Chanel's products.

13.     To ensure that the packaging is commensurate with Chanel's reputation for offering high-quality luxury goods, Chanel maintains strict quality control over its beauty and fragrance products throughout the entire process, from manufacturing to packaging, from distribution through sale.  Chanel also ensures that its products and packaging are FDA compliant.

14.     Chanel's beauty and fragrance products share certain elements with respect to how they are presented for purchase by consumers.  Specifically: (i) all products are placed in an outer box, with some products placed in a cardboard liner within the outer box; (ii) the outer box contains on it the product name, the CHANEL mark, the CC monogram, a list of the ingredients of the product as required by the FDA, a unique bar code to allow for tracking and quality control, an embossed unique product code that provides information concerning the product manufacture date, the country of manufacture and name of the product distributor (both required by the FDA), and a legend that the product can be sold only by authorized Chanel retailers; (iii) the outer box is wrapped and sealed in cellophane to protect the product and ensure consumers that the product has not been tampered with or opened.

15.    The distinctive outer box and packaging used by Chanel for beauty and fragrance products all add to the experience of the product and are a representation not only of Chanel's image but also of the high quality of Chanel's goods.

16.    In addition, many elements of Chanel's packaging for beauty and fragrance products ensure quality control.  For example, the outer box and cellophane wrap assure consumers that the product has not been opened or tampered with.  The list of ingredients on the outer box protects and informs Chanel's consumers.  The bar code on the outer box assists Chanel in monitoring its inventory, recalling defective products, and detecting counterfeits or stolen merchandise.  The information provided on the packaging ensures that Chanel is in compliance with FDA regulations.  And the unique embossed product code allows for Chanel to confirm quality at the retail level.  These features of the secondary packaging serve functions that are material to consumers.

17.    Having expended time and expense perfecting its products and packaging, Chanel closely oversees the sales process to ensure that customers shopping for Chanel products experience those products the way they are meant to be experienced.  Towards that end, only Chanel boutiques and those third-party retailers who are specifically approved by Chanel, following a careful review process, are authorized to sell Chanel beauty and fragrance products. The goal is to ensure a purchasing experience that matches the luxury image of the CHANEL brand.

18.    To assist consumers with their purchasing, Chanel provides testers to retailers so that consumers may "test" a Chanel product.  No retailer is authorized by Chanel to sell testers and Chanel does not provide or authorize testers for purposes of resale.

19.     Chanel undertakes considerable efforts to build and maintain its image for its beauty and fragrance products.  This is done through the packaging chosen, the sales channels, the consumer experience at retailers, and through advertising.  Chanel invests significant time, money and effort to advertise and promote its beauty and fragrance products, spending millions of dollars a year on such efforts.

20.     All of the Chanel beauty and fragrance products at issue in this case were introduced years ago and have all become well known and established brands with a loyal consumer following.  All of the Chanel beauty and fragrance products display the CHANEL mark and/or CC monogram, among others.  Chanel has sold millions of dollars worth of its branded beauty and fragrance products in the United States.

B.     Chanel's Registered Trademarks

21.     Chanel owns dozens of federal trademark registrations for the Chanel Marks used by Defendant including:

| MARK | REG. NO. | REG. DATE | GOODS |
| --- | --- | --- | --- |
| NO. 5 (Stylized) | 422,335* | 7/16/46 | Perfume, toilet water, and bath water |
| NO. 5 (Stylized) | 1,171,888* | 10/6/81 | Perfume, Spray Perfume, Toilet Water, Bath Powder, Body Lotion, Perfumed Body Cream, Toilet Soap |
| NO. 18 | 3,449,328* | 6/17/08 | Perfumery |
| NO. 19 | 301,912* | 3/21/33 | Perfumeries |
| NO. 22 | 233,406* | 9/27/27 | Toilet water |
| 1932 | 4,325,339* | 4/23/13 | Perfumery |
| 31 RUE CAMBON | 3,440,620* | 6/3/08 | Fragrances for personal use |
| ALLURE | 2,598,290* | 7/23/02 | Fragrance and toiletries products, namely, soap |

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
| BEIGE | 3,628,223* | 7/15/08 | Perfumery |
| BEL RESPIRO | 3,341,396* | 11/20/07 | Fragrances for personal use |
| CC | 1,347,094* | 7/9/85 | Full line of perfumery, cosmetics and toiletries |
| CHANCE | 2,767,311* | 9/23/03 | Perfumery and cosmetics products, namely eau de toilette and skin moisturizers |
| CHANEL | 195,360 | 2/24/25 | Face powder, perfume, eau de cologne, toilet water, lip stick, and rouge |
| CHANEL (Stylized) | 510,992* | 6/14/49 | Perfume, eau de toilette, eau de cologne, face powder, bath powder, lipsticks |
| CHANEL (Stylized) | 1,348,842* | 7/16/85 | Full line of perfumery, cosmetics and toiletries |
| CHANEL NO. 5 (Stylized) | 701,978* | 7/26/60 | Perfume, and bath powder |
| COCO | 1,612,557* | 9/11/90 | Parfum, eau de toilette, bath gel, powder, body lotion and bath soap |
| COCO | 848,755* | 5/7/68 | Perfume |
| COCO CODE | 5,143,250 | 2/14/17 | Cosmetics |
| COCO MADEMOISELLE | 2,557,185* | 4/2/02 | Perfumery and cosmetics products, namely eau de parfum and skin moisturizers |
| COROMANDEL | 3,353,683* | 12/11/07 | Fragrances for personal use |
| CUIR DE RUSSIE | 4,688,818 | 2/17/15 | Perfumery |
| ÉGOÏSTE | 1,782,330* | 7/20/93 | Eau de toilette |
| GLOSSIMER | 2,309,705* | 1/18/00 | cosmetics, namely, lip gloss |
| JERSEY | 4,296,987 | 3/5/13 | Perfumery |
| JOUES CONTRASTE | 1,293,750* | 9/11/84 | Powder blush |

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
| LUMIERE D'ARTIFICES | 4,230,930 | 10/23/12 | Cosmetics |
| LUMIERE SCULPTEE DE CHANEL | 4,084,868 | 1/10/12 | Cosmetics |
| MISIA | 4,740,845 | 5/19/15 | Perfumery |
| OMBRE ESSENTIELLE | 3,514,105* | 10/7/08 | Cosmetics |
| ROUGE ALLURE | 3,234,899* | 4/24/07 | Cosmetics |
| ROUGE DOUBLE INTENSITE | 3,121,212* | 7/25/06 | Cosmetics |
| SYCOMORE | 3,513,213* | 10/7/08 | Fragrances for personal use |

All of the registrations listed are valid, subsisting, and in full force and effect. In addition, the registrations identified above with an asterisk are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and serve as conclusive evidence of Plaintiff's ownership of those marks and of its exclusive right to use those marks in commerce on or in connection with all of the goods identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

22.     Due to the worldwide public acceptance, overwhelming fame, and great recognition of products bearing or sold under each of the different Chanel Marks, each of the Chanel Marks has come to represent an enormous goodwill of Plaintiff and has caused merchandise bearing the marks, even unauthorized goods, to be in great demand. The Chanel Marks are vital to Chanel and represent not only Chanel's products but Chanel's reputation. Chanel will suffer irreparable harm if any third parties, including Defendant herein, are allowed

to trade off Chanel's reputation and goodwill by selling unauthorized goods bearing the Chanel Marks that are materially different from genuine Chanel products.

C.      Defendant' Unlawful Conduct

23.      Upon information and belief, Defendant, using the seller names "Too Cool For School 567", "anonymous000_225" and "valushka652012", sells a variety of beauty and fragrance products through his eBay stores.  Within the "Too Cool For School 567", "anonymous000_225" and "valushka652012" eBay stores, Defendant sells hundreds of items bearing various Chanel Marks.

24.      Defendant is not and has never been an authorized distributor or reseller of Chanel's products.

25.      The products being sold by Defendant under the Chanel Marks are not authorized for sale by Chanel and are not sold by Chanel in the condition offered by Defendant.  Further the prices assigned to the items sold by Defendant are wholly arbitrary.

26.      The products that Defendant is offering for sale and selling under the Chanel Marks are materially different from Chanel's authorized products, lacking as they do all secondary packaging.  As a result, Defendant's products are sold without an ingredient list, without the safety feature of cellophane wrap, without Chanel's distinctive outer package, without FDA required information, and without Chanel's indicia of authenticity and means of quality control, namely both Chanel's bar code and embossed date code.  Many products sold by Defendant are testers of Chanel goods which are not authorized for sale and are not in the same internal packaging used by and associated with Chanel and lack the aesthetic appeal of genuine Chanel items that are intended for sale.  Other items are used and thus lack all quality assurance and aesthetic appeal associated with Chanel items.  Attached as **Exhibit A** is a list of Infringing

Chanel Products that were available from Defendant as of June 21, 2018 and attached as

**Exhibit B** is a side-by-side comparison showing Chanel product as authorized for sale by Chanel

and the same product as shipped by Defendant.

27.     By removing the secondary packaging, Defendant has diminished Chanel's ability

to identify if products sold under the Chanel Marks are counterfeit or stolen and materially

impedes Chanel's ability to protect consumers from being deceived or harmed by the purchase of

counterfeit or stolen goods.

28.     Consumers who purchase Chanel products from Defendant do not receive a

product that is authorized for resale.  Instead they receive used goods, goods that never were

intended for sale, or goods lacking any packaging or product information.  As a result,

consumers cannot know whether the product they receive has been opened, diluted or otherwise

tampered with after leaving the factory and are deprived of certain essential information,

including for example, ingredients.

29.     The manner in which Defendant has sold and is offering for sale the Infringing

Chanel Products suggests a damaged or recalled product or a product that would be considered a

"second" or a used product or even a stolen product.

30.     Defendant ships the Infringing Chanel Products nationally, including to this

district.  Defendant does not obtain the Infringing Chanel Products that he sells directly from

Chanel.

31.     The manner in which Defendant sells the Infringing Chanel Products is not

authorized by Chanel and is materially different from the manner in which genuine Chanel

products are sold and therefore creates infringing products under U.S. trademark law.

32.     Defendant is fully aware that his conduct violates Chanel's rights.  On July 13,
2017, Chanel sent a demand letter to Defendant concerning his sale through his eBay stores of
Chanel products that were not in their original unaltered packaging.  Chanel asked that
Defendant discontinue and cease the sale of the Infringing Chanel Products.  No response was
received to that letter and Defendant continued his sale of the Infringing Chanel Products and his
willful infringement of the Chanel Marks.  A follow up letter was sent on August 10, 2017 to
which again there was no response.  A third letter was sent on August 30, 2018 reiterating
Chanel's objection to the willful infringement of the Chanel Marks.  In telephone
communications between Defendant and Chanel's representative Defendant represented that he
would comply with the demand.  When that statement proved false, Chanel sent Defendant a
draft Complaint and advised that if Defendant did not cease his unlawful conduct Chanel would
file suit.  In response, Defendant proceeded to move his listings from one of his eBay accounts
(anonymous000_225) to his love**on**the**rocks** account.  All of the items listed in
**Exhibit A** were transferred over.  Such conduct demonstrates Defendants' willfulness and bad
faith.

33.     The effect of Defendant's conduct is to degrade the appearance of Chanel's
beauty products, to damage Chanel's reputation for providing luxury products, to remove
information necessary for Chanel to determine the origin of the goods, identify fakes, resolve
quality issues, and recall defective products, and to prevent consumers from having access to
basic information, including an accurate list of ingredients which is required by the FDA.

34.     There is no legitimate reason for Defendant to remove goods from their secondary
packaging.  Upon information and belief, Defendant does so in order to prevent Chanel from

determining which of its authorized resellers has breached its contract with Chanel because such discovery would disrupt Defendant's ability to obtain the goods.

35.     Upon information and belief, Defendant's actions have damaged and will continue to damage the prestige of the CHANEL brand and the Chanel Marks in the minds of consumers.  Purchasers or prospective purchasers who receive Defendant's unlicensed and unauthorized Infringing Chanel Products bearing Chanel's federally-registered trademarks are likely to mistakenly attribute these products to Chanel and to believe that Chanel has authorized the disposition of such products in this manner to the public.  By causing such a likelihood of confusion, mistake, and deception, Defendant is inflicting irreparable harm to Chanel's goodwill.

36.     Defendant's unlawful actions described above commenced many years after Chanel began using the Chanel Marks, many years after the Chanel Marks had achieved worldwide fame, and many years after the Chanel Marks were registered in the United States Patent and Trademark Office.  In fact, Defendant's business relies on consumer recognition of the Chanel marks and consumer desire for Chanel's products.

37.     Defendant's activities are knowingly and willfully in violation of Chanel's rights, are undertaken in bad faith and constitute a deliberate intent to ride on the fame and goodwill of the Chanel Marks.

38.     Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable harm to Chanel's business and goodwill and will harm and continue to harm the public unless permanently restrained by this Court.  Chanel has no adequate remedy at law.

FIRST CLAIM FOR RELIEF AGAINST ALL
DEFENDANT:  FEDERAL TRADEMARK INFRINGEMENT
OF THE CHANEL MARKS IN VIOLATION OF 15 U.S.C. § 1114(1)

39.     Chanel repeats and realleges paragraphs 1 through 38 above as if fully set forth herein.

40.     By selling and distributing the Infringing Chanel Products under the Chanel Marks in a manner not authorized by Chanel and that lack elements of Chanel's quality control, including accurate ingredient lists, bar codes, manufacturing codes, and the protective cellophane wrapper, Defendant is engaged in the sale of products that materially differ from the Chanel beauty and fragrance products authorized for sale in the U.S. by Chanel.

41.     The sale of materially different Chanel products by Defendant deprives Chanel of the ability to ensure the quality of products bearing the Chanel Marks, to maintain the prestige associated with the Chanel name and products, and to ensure the consistently high quality of products bearing the Chanel Marks.

42.     Defendant's unauthorized sale of materially different Chanel products bearing the Chanel Marks is likely to cause consumers to mistakenly believe that the sale of such products has been approved by Chanel.  Consumers are likely to be misled into believing that Defendant is an authorized dealer of Chanel's products, or that Defendant's products as sold are approved by or are genuine products of Chanel.

43.     The overall impression conveyed by Defendant's sale of the Infringing Chanel Products is that it is selling genuine goods with Chanel's permission when in fact it is making unauthorized use of the Chanel Marks in connection with materially different and therefore non-genuine goods.  Consumers are likely to purchase the non-genuine goods from Defendant on the mistaken belief that Chanel and Defendant are somehow connected, affiliated, or related and that Chanel permits the shipping of its products in a shoddy manner without the attendant quality control and tamper-resistant indicators of the secondary packaging.

44.     Defendant's use of Chanel's registered trademarks in connection with the sale of materially different products not authorized by Chanel constitutes trademark infringement of the

Chanel Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Further, the use of the registered Chanel Marks by Defendant for goods not authorized by Chanel and that are not considered genuine goods due to the material differences between said goods and Chanel's authorized goods constitutes the use of a counterfeit mark.

45.     Defendant's infringement of the federally-registered Chanel Marks is willful and deliberate and undertaken with an intent to reap the benefit of the goodwill of Chanel and of its federally-registered marks and the goodwill and reputation associated with these marks.

46.     The aforesaid conduct of Defendant is causing immediate and irreparable injury to Chanel and to its goodwill and reputation, and will continue to damage Chanel and deceive and harm the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANT:
FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING
IN VIOLATION OF 15 U.S.C. §§ 1125(a)(1)(A), (B)

47.     Chanel repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

48.     By selling and distributing the Infringing Chanel Products under the Chanel Marks without the distinctive Chanel outer box, without an ingredient list, without Chanel's bar codes and other manufacturing codes, or without the protective cellophane wrapper, Defendant is engaged in the sale of products that materially differ from the Chanel beauty and fragrance products authorized for sale in the U.S. by Chanel.

49.     The sale of materially different Chanel products by Defendant deprives Chanel of the ability to ensure the quality of products bearing the Chanel Marks, to maintain the prestige associated with the Chanel name and products, and to ensure the consistently high quality of products bearing the Chanel Marks.

50.     Defendant's unauthorized sale of materially different Chanel products under the Chanel Marks constitutes a false designation of origin and false description or representation that Defendant's products are authorized by Chanel and as such is likely to confuse consumers.

51.     Defendant's conduct is willful and deliberate and undertaken with the intent to reap the benefit of the goodwill and reputation associated with the Chanel Marks.

52.     Defendant's conduct described herein violates Sections 43(a)(1)(A) and 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), § 1125 (a)(1)(B).

53.     The aforesaid conduct of Defendant is causing immediate and irreparable injury to Chanel and to its goodwill and reputation, and will continue to damage Chanel and deceive and harm the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANT:
UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW OF NEW YORK

54.     Chanel repeats and realleges Paragraphs 1 through 38 as if fully set forth herein.

55.     By selling and distributing the Infringing Chanel Products under the Chanel Marks in a manner that is materially different from genuine Chanel beauty and fragrance products authorized for sale in the U.S., Defendant is engaged in the sale of infringing and counterfeit goods.

56.     Defendant's sale of materially different Chanel products under the Chanel Marks constitutes a false designation of origin and false description or representation that Defendant's sale of such products is authorized by Chanel.

57.     Defendant's acts of unfair competition are willful and deliberate and undertaken with the intent to reap the benefit of the goodwill and reputation associated with the Chanel Marks.

58.   Defendant's actions described herein constitute unfair competition under the common law of the State of New York.

59.   The aforesaid conduct of Defendant is causing immediate and irreparable injury to Chanel and to its goodwill and reputation, and will continue to damage Chanel and deceive and harm the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1)   That a permanent injunction be issued enjoining Defendant individually, any of his agents, representatives, licensees, attorneys, employees, servants, suppliers, any persons acting in concert or participation with Defendant, and any entity owned or controlled in whole or in part by Defendant, from:

(a)   selling any Chanel products;

(b)   using any Chanel trademarks, product names, or fragrance names, including but not limited to the Chanel Marks identified in the Complaint, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Chanel's trademarks, on or in connection with any advertisement, promotion, offering for sale, sale, or distribution of products, unless such use is in connection with genuine, and Chanel goods that are authorized for sale and in the form authorized by Chanel for sale in the U.S.;

(c)   offering for sale any products bearing any of the Chanel Marks unless such products are unused, intended for resale, and are in Chanel's original packaging that has not been tampered with;

(d)   offering for sale any testers of fragrance or products or any used products bearing any Chanel-owned trademarks or other designation;

(e)      removing, altering, tampering, or obscuring or otherwise defacing any information or material that appears on any Chanel beauty or fragrance product or packaging used in connection therewith, or advertising, promoting, offering for sale, selling or distributing any Chanel product in a form that does not include all information and material included in authorized and genuine Chanel products;

(f)      offering for sale, displaying, importing, or selling any Chanel product that has been defaced, modified, altered, or tampered with;

(g)      processing, packaging, importing, or transporting any Chanel-branded products that differ in any material way from genuine Chanel products offered or sold through authorized channels in the U.S.;

(h)      transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendant's possession, custody, or control bearing marks or trade dress confusingly similar to the Chanel Marks that are not genuine products or that differ in any manner from genuine Chanel products;

(i)      using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that Defendant are associated with Chanel that Defendant is an authorized retailer of Chanel beauty or fragrance products, or that any product imported, manufactured, distributed, advertised, displayed, promoted, offered for sale, or sold by Defendant is a genuine or authorized product of Chanel;

(j)      using any false or misleading representations of fact, or performing any act, which can, or is likely to, lead members of the trade or public to hold false beliefs

concerning the nature, qualities, or characteristics of the Chanel-branded products advertised, promoted, offered for sale, sold, or distributed by Defendant;

(k)     engaging in any other activity constituting unfair competition with Chanel, or constituting an infringement of any of Chanel's Marks;

(l)     disposing, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind including invoices, correspondence, books of account, receipts, or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, promotion, display, purchase, sale, offer for sale, or distribution of any merchandise bearing marks or trade dress confusingly similar to the Chanel Marks that is not a genuine Chanel product or that differs in any manner from genuine Chanel products;

(m)     instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (l) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) through (l) above.

2)     Directing that Defendant, at his own expense, immediately deliver up for destruction their entire inventory of goods bearing any of the Chanel-owned mark that differ materially from authorized goods, and permitting Chanel to destroy such materials without compensation to Defendant.

3)     Directing that Defendant make available to Chanel for review, inspection, and copying, all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer discs and backup discs) and other documents concerning all transactions relating to the importation, promotion, advertising, display, offering

for sale, or sale of any product incorporating bearing any of the Chanel Marks that differ materially from authorized goods, and provide Chanel the names, addresses, and all other contact information in their possession, including telephone and fax numbers for (a) the source of such products including all manufacturers, distributors and/or suppliers, and (b) all persons or entities to whom Defendant has sold, distributed or supplied such products.

4)      Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product manufactured, sold, or otherwise circulated or promoted by Defendant within the United States is authorized by Chanel or related in any way to Chanel or that Defendant are otherwise affiliated with Chanel.

5)      Directing that Defendant file with the Court and serve upon Chanel's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

6)      Awarding Chanel monetary relief, including Defendant's profits, which amount shall be trebled, from their sale of non-genuine Chanel beauty and fragrance products pursuant to 15 U.S.C. §§ 1117(a)-(b); Chanel's actual damages trebled pursuant to 15 U.S.C. §§ 1117(a)-(b); statutory damages, if Chanel so elects and as the Court considers just, up to $2,000,000 per counterfeit mark, which includes CHANEL, the CC Monogram mark, 1932, 31 RUE CAMBON, ALLURE, BEIGE, BEL RESPIRO, CHANCE, COCO, COCO CODE, COCO MADEMOISELLE, COROMANDEL, CUIR DE RUSSIE, EGOISTE, GLOSSIMER, JERSEY, JOUES CONTRASTE, LUMIERE D'ARTIFICES, LUMIERE SCULPTEE DE CHANEL, MISIA, NO. 5, NO. 18, NO. 19, NO. 22, OMBRE ESSENTIELLE, ROUGE ALLURE, ROUGE DOUBLE INTENSITE and SYCOMORE, per type of good sold, offered for sale, or distributed,

as provided by 15 U.S.C. § 1117(b) & (c), for a total of $56 million; and punitive and/or enhanced damages as provided for under applicable law.

7)      Awarding to Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees and expenses pursuant to 15 U.S.C. § 1117(a).

8)      Awarding to Plaintiff interest, including pre-judgment interest on the foregoing sums pursuant to 15 U.S.C. § 1117(a).

9)      Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York          FROSS ZELNICK LEHRMAN & ZISSU, P.C.
        July 2, 2018

By: _____
            Barbara A. Solomon (bsolomon@fzlz.com)
            Emily Weiss (eweiss@fzlz.com)
        4 Times Square, 17th Floor
        New York, New York 10036
        Tel:  (212) 813-5900

        *Attorneys for Plaintiff Chanel, Inc.*

# EXHIBIT A

Ryan Ladijinsky: F&B via eBay anonymous000_225

| Product | Condition | Price |
|---|---|---|
| Foundation Brush | unboxed | $19.99 |
| Chanel No 18 "mini" | unboxed | $44.99 |
| Coco Mad "mini" | unboxed | $64.99 |
| Glossimer "Blizzard" | tester | $124.99 |
| No 19 "mini" | unboxed | $39.99 |
| Lipstick "Perplex" mini | unboxed | $29.99 |
| Glossimer "Clarte" | unboxed | $79.99 |
| Rouge Double "Raspberry" | tester | $34.99 |
| 1932 "mini" | unboxed | $44.99 |
| No 5 Lotion "mini" | unboxed | $34.99 |
| Highlighting Powder | tester | $75.00 |
| Blush | tester | $46.99 |
| No 5 lotion & bath gel | unboxed | $74.99 |
| Allure "mini" | unboxed | $39.08 |
| Allure "mini" | unboxed | $39.08 |
| Eau de cologne "mini" | unboxed | $44.99 |
| Beige "mini" | unboxed | $39.99 |
| Allure Tendre bath oil | unboxed, used | $179.00 |
| No 5 EDT | unboxed | $38.99 |
| Jersey "mini" | unboxed | $44.99 |
| Le vernis "Ruban Ribbons" | unboxed | $65.00 |
| Le vernis "pink satin" | unboxed | $99.99 |
| Gardenia "mini" | unboxed, used | $39.99 |
| Le vernis "night sky" | unboxed | $275.00 |
| le vernis "pink ribbons" | unboxed | $134.99 |
| Bel Respiro "mini" | unboxed | $39.99 |
| Misia "mini" | unboxed | $44.99 |
| Chance lotion "mini" | unboxed | $39.99 |
| Glossimer "black tie" | unboxed | $119.99 |
| Les Ombres | unboxed | $89.99 |
| Allure | unboxed, used | $64.99 |
| Sycomore "mini" | unboxed | $39.99 |
| Glossimer "aragonite" | tester | $99.99 |
| Concealer brush | unboxed | $30.00 |
| Rue Cambon "mini" | unboxed | $44.99 |
| No 5 EDT | unboxed, used | $48.99 |
| Glossimer "pin-up" | unboxed | $74.99 |
| No 22 "mini" | unboxed | $39.99 |
| Le vernis "antilope" | unboxed | $39.99 |
| Coco mad lotion "mini" | unboxed | $34.99 |
| Coco mad lotion "mini" | unboxed | $34.99 |
| No5 "mini" | unboxed | $44.99 |
| Velvet milk bath "mini" | unboxed | $44.99 |
| Le vernis "very vamp" | unboxed | $79.99 |
| Le vernis "irresistible" | unboxed | $50.00 |
| Chance 20ml twist and spray | unboxed | $57.84 |

| | | |
|---|---|---|
| Chance 20ml twist and spray | unboxed | $57.84 |
| Highlighting Powder | unboxed | $150.00 |
| No 5 Elixir | unboxed, used | $69.99 |
| Cuir de Russie "mini" | unboxed | $44.99 |
| Eyeshadow | unboxed | $29.99 |
| le vernis "ruby slipper" | unboxed | $109.00 |
| Bel Respiro "mini" | unboxed | $39.99 |
| Shimmer Eye Shadow | unboxed | $75.00 |
| Highlighting Powder | tester | $99.99 |
| Le vernis "sorceress" | unboxed | $40.00 |
| Eyeshadow | tester | $49.99 |
| le vernis "ash rose" | unboxed | $129.99 |
| Le vernis "cashmere" | unboxed | $65.00 |
| Le vernis "intention" | unboxed | $30.00 |
| Rouge lipstick | tester | $34.99 |
| Rouge lipstick | unboxed | $33.99 |
| Chance 20ml twist and spray | unboxed | $57.84 |
| La Pausa "mini" | unboxed | $44.99 |
| Glossimer "pin-up" | unboxed | $34.99 |
| Glossimer "pin-up" | unboxed | $34.99 |
| Powder Brush | unboxed | $39.99 |
| Egoiste "mini" | unboxed | $109.99 |
| Les Ombres | unboxed | $39.99 |
| Coco mad lotion "mini" | unboxed | $40.00 |
| Coco mad lotion "mini" | unboxed | $40.00 |
| Blush | tester | $34.99 |

| Product | Condition | Price |
|---|---|---|
| No 5 Fragrance Set | NIB | $150.00 |
| Fragrance Wardrobe | NIB | $275.00 |
| Glossimer "Seashell" | NIB | $125.00 |
| Hydramax Tinted Lotion | NIB | $74.99 |
| Coco Mad Set | NIB | $159.00 |
| Eyeliner | NIB | $29.99 |
| Glossimer "Ocean shimmer" | NIB | $39.99 |
| Le vernis "rose blossom" | NIB | $79.99 |
| No 5 "mini" | NIB, very old | $99.99 |
| Eyeshadow | NIB | $27.99 |
| Bleu shower gel | NIB | $54.99 |
| Rogue Allure | NIB | $99.99 |
| Le vernis "satellite" | NIB | $55.09 |
| Glossimer | NIB | $79.99 |
| Rouge Lipstick | NIB | $49.99 |
| Glossimer "magnifique" | NIB | $64.99 |
| Glossimer "rose sauvage" | NIB | $62.99 |
| Glossimer "diamond rose" | NIB | $69.99 |

# EXHIBIT B

