{F2796970.1 }

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), effective as of the date of complete execution (the "Effective Date"), is by and between, on the one hand, Chanel, Inc., a New York corporation with its principal place of business at 9 West 57th Street, New York, New York 10019 ("Chanel"), and, on the other hand, Ryan Ladijinsky, an individual residing at 2942 W. 5th Street, Apt. 7R, Brooklyn, New York 11224 ("Ladijinsky," as more fully defined below). Each of Chanel and Ladijinsky is a "Party" and collectively are the "Parties."

WHEREAS Ryan Ladijinsky owns and operates storefronts on eBay under a variety of seller names, including Too Cool For School 567, love**on**the**rocks**, anonymous000_225, and valushka652012, through which he offers for sale and sells products including beauty and cosmetic products bearing Chanel's trademarks; and

WHEREAS Ryan Ladijinsky did not obtain the products sold under Chanel's marks from Chanel, did not offer the products in a manner that was authorized by Chanel, and offered for sale items such as testers and used products that Chanel does not authorize for sale; and

WHEREAS Ryan Ladijinsky is not an authorized reseller of Chanel products and has no permission from Chanel to sell CHANEL branded goods; and

WHEREAS Chanel has objected to Ryan Ladijinsky's sale of Chanel products materially different from Chanel's genuine goods and Chanel products not authorized by Chanel for resale; and

WHEREAS on July 2, 2018, Chanel instituted Civil Action No. 1:18-cv-3829-AMD-RER in the United States District Court for the Eastern District of New York against Ryan Ladijinsky (the "Civil Action"); and

{F2795873.1 }

WHEREAS the Parties have agreed to settle their disputes and all claims asserted or that could have been asserted in the Civil Action arising from Ryan Ladijinsky's unauthorized sale of Chanel items by means of this Agreement; and

WHEREAS the Parties have consulted with their respective counsel and have agreed to settle this matter on the terms set forth below.

NOW THEREFORE in consideration of the mutual promises and undertakings herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. Definitions

    1.1    "Ladijinsky" means individually and collectively Ryan Ladijinsky (and any other names or aliases under which he is known or under which he does business); any d/b/a's of Ryan Ladijinsky; any eBay storefronts operated by Ryan Ladijinsky, including "love**on**the**rocks**," "Too Cool For School 567," "anonymous000_225," and "valushka652012," now or in the future; any other names under which Ryan Ladijinsky conducts or may conduct business now or in the future; and any company owned or controlled in majority part now or in the future by Ryan Ladijinsky or of which Ryan Ladijinsky is a controlling owner, partner, officer, member, principal, or majority shareholder now or in the future.

    1.2    "Chanel Products" means any products bearing the CHANEL mark, the CC Monogram, or any other trademark of Chanel (collectively the "Chanel Marks"), any products manufactured by or on behalf of Chanel, or any products advertised or promoted as being from Chanel.

    1.3    "Chanel Beauty and Fragrance Products" means any beauty, cosmetic, skin care, or fragrance product bearing any Chanel Mark, manufactured by or on behalf of Chanel, or advertised or promoted as being from Chanel. Chanel Beauty and Fragrance Products are a

subset of Chanel Products and are included in any references to Chanel Products unless otherwise indicated.

1.4   "Prohibited Chanel Products" means samples of Chanel Products; testers of Chanel Products; products bearing any of the Chanel Marks that are not created by Chanel or not intended for resale by Chanel; used or opened Chanel Products; decanted Chanel fragrances; re-packaged Chanel products; discontinued Chanel Products; Chanel Products that are more than two years old; unboxed Chanel Products; Chanel Products that are not in their full, original, unaltered packaging or are otherwise sold in a manner not authorized by Chanel; Chanel Products that lack any of the following or in which the following items are covered up, adulterated, tampered with, or marred – genuine outer carton, Chanel's bar codes, Chanel's SKUs, Chanel's ingredients, or sealed cellophane covering; any Chanel Products that contain marks of any third parties; or any Chanel Products that have been modified, tampered with, or altered in any way. Prohibited Chanel Products are a subset of Chanel Products and Chanel Beauty and Fragrance Products, as applicable, and are included in references to Chanel Products and Chanel Beauty and Fragrance Products unless otherwise indicated.

2.   Representations and Warranties

2.1   Ladijinsky provides the following representations and warranties, all of which are material terms of this Agreement:

a.   Ladijinsky has not imported, distributed, sold, offered for sale, advertised, or promoted any Chanel Products other than Chanel Beauty and Fragrance Products.

b.   Ladijinsky has sold or offered for sale Chanel Beauty and Fragrance Products exclusively through eBay and has used the following seller names only: "love**on**the**rocks**," "Too Cool For School 567," "anonymous000_225," and

"valushka652012" (collectively the "eBay Identifiers"). Ladijinsky has not sold any Chanel Beauty and Fragrance Products under any other seller names.

   c. Other than the business conducted through the eBay Identifiers, Ladijinsky does not own or maintain any ownership interest in any business involved in the importation, distribution, sale, or offering for sale of Chanel Products.

   d. Ladijinsky has not advertised or promoted Chanel Beauty and Fragrance Products in any channel or through any social media other than through his eBay storefronts and only under the eBay Identifiers.

   e. Ladijinsky's sources for the Prohibited Chanel Products were the following sellers on eBay: offaclift, cocofairy, vivavin1, 2012lumi1972, vivabeauty2014, nancy_starfish, anastasias_attic, cosmetics12312, doctorrabkin, dema2.2008, shortyaloha, and glamoresque. Ladijisnky also obtained Prohibited Chanel Products from family members, who obtained samples of Chanel Products from brick-and-mortar stores such as Macy's and Nordstrom.

   f. Ladijinsky does not have in his possession any invoices reflecting his purchase of the Prohibited Chanel Products. Ladijinsky represents that he either did not receive invoices from the sources for the Prohibited Chanel Products or he disposed of the invoices prior to receiving Chanel's cease-and-desist letter.

   g. Ladijinsky's total gross revenue from the sale of the Prohibited Chanel Products was no more than $250.

   h. As of the Effective Date, Ladijinsky has removed all Prohibited Chanel Products from his storefronts on eBay and otherwise is not offering for sale any Chanel Products through any channels of trade.

    i.  All Prohibited Chanel Products that are in Ladijinsky's possession, custody, or control are identified in Exhibit A hereto (the "Remaining Inventory").

    j.  Ladijinsky has no pending orders to purchase or obtain any Chanel Products, and has no outstanding purchase orders requiring him to deliver any Chanel Products to any third party.

    k.  Entry into this Agreement does not violate any other agreements that Ladijinsky has entered into with any third party and Ladijinsky has the right and ability to carry out all terms of this Agreement.

  2.2  Should any of the foregoing representations or warranties prove to be materially false or should any actions taken by Ladijinsky render any representation or warranty materially false, Chanel shall be entitled to all remedies for breach at law or in equity, including but not limited to all remedies set out in Paragraph 7 of this Agreement. A breach of these representations shall not void any of Ladijinsky's obligations under this Agreement.

3.  Obligations of Ladijinsky

  3.1  Ladijinsky shall not order or purchase for re-sale, display, advertise, promote, distribute, import, offer for sale, sell, or provide as a giveaway any Prohibited Chanel Products through any means or trade channels or otherwise engage in any business that includes the sale or offering for sale of any Prohibited Chanel Products or otherwise profit from the sale or distribution of any Prohibited Chanel Products. Nothing herein is intended to or shall constitute any authority or permission for Ladijinsky to offer for sale or sell any Chanel Products other than the Prohibited Chanel Products and Chanel reserves all rights to object to Ladijinsky's offer for sale or sale of such products.

  3.2  Within five (5) days of the Effective Date, Ladijinsky, at his own expense, shall deliver to Chanel or to any entity specified by Chanel the Remaining Inventory. Chanel shall be

permitted to destroy or otherwise dispose of such inventory in any manner it deems appropriate at its sole discretion. Ladijinsky shall not be compensated for the cost of the goods delivered to Chanel or for the cost of shipment of the Remaining Inventory to Chanel.

3.3   Ladijinsky shall refrain from any statement or suggestion that Ladijinsky has any association or affiliation with Chanel or any of Chanel's authorized distributors.

3.4   Ladijinsky shall not purchase the term "Chanel" alone or in combination with any other words or terms as keywords or AdWords in connection with any search engine and shall otherwise not take any action to optimize search results so as to influence organic search results that are obtained in response to a search for "Chanel" or any phrase that includes "Chanel."

3.5   Ladijinsky shall not use for any commercial purposes any drawings, advertisements, brochures, photographs, or other materials of Chanel, and shall not link to any Chanel websites or any of Chanel's social media sites or YouTube videos.

3.6   Should Ladijinsky use any seller name other than the eBay Identifiers, Ladijinsky shall inform Chanel of such seller name within five (5) days of adoption of such name.

3.7   Ladijinsky shall not authorize, aid, abet, assist, or encourage, either directly or indirectly, any third party or non-signatory to this Agreement in taking any action or cause or assist any third parties to take any action inconsistent with the terms of this Agreement or to take action that, if performed by Ladijinsky, would constitute a violation of this Agreement.

4.   Sources

4.1   Ladijinsky represents and warrants that the entities or individuals identified in Paragraph 2.1(e) represent all of the suppliers from whom Ladijinsky has purchased Prohibited Chanel Products. Ladijinsky shall not take any action that could interfere with Chanel's ability to take action against any of the sources identified, including advising any such sources of this Agreement or of the disclosure of their identity to Chanel or assisting any of the sources in

disposing of or hiding any Chanel Products or documents relating to the sale, purchase, or offering for sale of Chanel Products.

5. Releases

   5.1   Ladijinsky unconditionally and irrevocably releases completely and forever discharges Chanel and all of its present and former parent companies, subsidiaries, affiliates, predecessors, successors, assigns, agents, and the respective present and former officers, directors, shareholders, members, employees, attorneys, accountants, representatives, agents and grantees, executors, administrators, successors and assigns thereof or anyone claiming through or under any of the aforementioned (collectively, the "Chanel Released Parties") from any and all claims, demands, debts, liabilities, damages, actions, causes of action, suits, disputes, judgments, promises, accounts, agreements, costs, expenses, fees, and any other obligations that Ladijinsky had, now has, may hereafter have or may claim to have at any time up to the Effective Date of this Agreement against any or all of the Chanel Released Parties whether at law or in equity, whether known or unknown, arising out of, related to or concerning the subject matter of the Civil Action, or otherwise included in the Civil Action, including but not limited to any assertions of claims, any affirmative defenses asserted in response to the Civil Action, any and all counterclaims, compulsory or permissive, which could have been asserted in the Civil Action, and all claims for relief which could have been made or asserted in the Civil Action.

   5.2   Chanel unconditionally and irrevocably releases completely and forever discharges Ladijinsky from any and all claims, demands, debts, liabilities, damages, actions, causes of action, suits, disputes, judgments, promises, accounts, agreements, costs, expenses, fees, and any other obligations that Chanel had, now has, may hereafter have or may claim to have at any time up to the Effective Date of this Agreement against Ladijinsky whether at law or in equity, whether known or unknown, arising out of, related to or concerning the subject matter

of the Civil Action, or otherwise included in the Civil Action, including but not limited to any claims which could have been made or asserted in the Civil Action based on Ladijinsky's sale of Chanel Fragrance and Beauty Products from the sources identified in Paragraph 2.1(e) and sold through eBay under one of the eBay Identifiers.

6. Dismissal of Civil Action

6.1 Within five (5) business days after the Effective Date, the Parties shall file a stipulation dismissing the Complaint without prejudice and without costs or fees to either Party. Such stipulation of dismissal shall attach this Agreement so that the Agreement is made a public document. Chanel is permitted to use and publicize this Agreement in any manner and in any media.

7. Breach

7.1 Should a Court determine that Ladijinsky has violated any provision of this Agreement, failed to comply with any of the obligations contained in this Agreement, or made any material error or omission in any of the representations contained in this Agreement, then in addition to any other remedies requested by Chanel and provided by the Court, Chanel shall be entitled to recover from Ladijinsky and Ladijinsky agrees to the imposition of the following remedies and relief:

    a. to the extent any of the representations set out in Paragraph 2 and its subparts are inaccurate or incomplete, Ladijinsky shall pay to Chanel $10,000 for each representation that is materially false;

    b. Ladijinsky shall pay to Chanel liquidated damages in the amount of $10,000 for each use of a Chanel Mark in violation of this Agreement;

    c. Ladijinsky shall pay to Chanel all of Ladijinsky's gross revenues from his sale of any Prohibited Chanel Products that occurred after the Effective Date;

    d. Ladijinsky shall enter into a Court-ordered Permanent Injunction embodying all of his obligations herein;

    e. Ladijinsky shall pay all investigation costs and other costs and fees incurred by Chanel in learning of or investigating any violation or breach of this Agreement; and

    f. Ladijinsky shall reimburse Chanel for all of Chanel's costs and attorneys' fees incurred in connection with discovering any violation or breach of this Agreement, assessing the violation or breach of this Agreement, advising Ladijinsky or his counsel of any violation or breach of this Agreement, and bringing any action for violation or breach of this Agreement.

  7.2 The above remedies are cumulative. The fact that a provision is not included above shall not act as an admission by Chanel that it is not entitled to such relief for a breach of this Agreement and Ladijinsky shall not raise as a defense to any claim for relief the failure to specify such relief in this Agreement and shall not challenge Chanel's rights to any of the relief identified above.

  7.3 Nothing in this provision shall be interpreted to prevent Chanel from asserting claims in addition to breach of contract.

8. <u>Reservation of Rights</u>

  8.1 Ladijinsky shall not represent as a result of this Agreement or otherwise that he is permitted to sell Chanel Products and nothing in this Agreement shall constitute any such authorization or permission.

  8.2 Conduct that is not identified herein as prohibited shall not by its absence be deemed to be permitted or approved by Chanel. To the extent Ladijinsky engages in any conduct not expressly permitted by this Agreement that creates a false association between Ladijinsky and Chanel, that constitutes false advertising, or that otherwise infringes on Chanel's rights,

Chanel reserves the right to take action and this Agreement shall not be used as a defense to any such claims.

9. <u>Notices</u>

9.1 All notices pursuant to this Agreement shall be in writing and shall be given by overnight courier using the addresses set forth below, or such other address as the Party may direct. All notices shall be deemed effective one (1) business day following deposit with any overnight courier service. Any change in the recipient of notices shall be provided pursuant to the requirements of this provision.

| To: | <u>Defendant</u> | To: | <u>Plaintiff</u> |
|---|---|---|---|
| | Ryan Ladijinsky<br>2942 W. 5th Street<br>Apt. 7R<br>Brooklyn, New York 11224 | | Chanel, Inc.<br>Attn: Legal Department – Global<br>  Brand Protection and Enforcement<br>9 West 57th Street<br>New York, New York 10019 |

With a courtesy copy by email to:

Dmitriy Shakhnevich, Esq.
The Law Firm of Dmitriy Shakhnevich
65 Broadway, 7th Floor
New York, New York 10006
Email: ds@dshaklaw.com

10. <u>Scope of the Agreement</u>

10.1 This Agreement and all obligations contained herein shall be worldwide in scope and effect.

11. <u>Interpretation</u>

11.1 The terms of this Agreement have been negotiated at arms-length between the Parties all of whom have been represented by independent counsel. As a result, the rule of "interpretation against the draftsman" shall not apply in any dispute over the interpretation of the

terms of this Agreement. The section headings are for convenience and reference only and in no way define, limit, describe, or affect the scope or intent of any provision hereof.

12. Severability

12.1 In the event that any provision hereof is held by a court of competent jurisdiction to be unenforceable or invalid, the validity and enforceability of the remaining provisions of this Agreement shall not be adversely affected. For any provision deemed invalid or unenforceable, the Parties agree to the substitution of a new provision as like to the original in terms of purpose and effect as may be permitted by law.

13. Persons and Entities Bound

13.1 This Agreement and all obligations contained herein shall be binding upon and inure to the benefit of Ladijinsky as defined herein and Chanel and each of their successors, transferees, and lawful assigns. It is the intent of the Parties that this Agreement be binding and effective without regard to future events. No Party shall seek to modify, void, or terminate this Agreement, otherwise challenge the validity of this Agreement, or seek to have this Agreement rescinded or rendered null or void for any reason or purpose.

14. Merger Clause

14.1 This Agreement constitutes the entire agreement and understanding between the Parties and supersedes all prior and contemporaneous understandings and agreements of the Parties with respect to the subject matter hereof.

15. Modification and Waiver

15.1 The Agreement may be modified only by a written document signed by all of the Parties. The failure of any Party to insist upon strict adherence to any term of this Agreement on any occasion shall not be construed as a waiver and shall not deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

16. Authorization To Sign

16.1 Each of the signatories to this Agreement represents and warrants that he or she has the full right, power, and authority to execute this Agreement and to bind the Party for whom he or she is signing and that each Party has the power and authority to perform its obligations under this Agreement. The Parties warrant that they have read this Agreement, understand the terms and conditions hereof, have entered into this Agreement without duress or coercion as their voluntary act and deed, have not executed the Agreement in reliance on any promise, representation, or warranty not contained herein, and that the signatures affixed to this Agreement and any documents required to be filed pursuant to this Agreement are duly authorized.

17. Governing Law and Jurisdiction

17.1 This Agreement shall be interpreted and enforced under substantive laws of the state of New York without regard to New York's conflict of law rules and Ladijinsky consents to and shall not challenge the venue, personal jurisdiction, or subject-matter jurisdiction of the United States District Court for the Eastern District of New York in Brooklyn to hear any disputes arising out of this Agreement or seek to transfer the dispute to any other forum. In connection with any claims that Chanel may assert in the future against Ladijinsky, service on Ladijinsky shall be deemed effective by sending a copy of the summons and complaint in the manner set forth in Paragraph 9. If the notice address changes, Ladijinsky shall promptly notify Chanel of the new notice address.

18. Counterparts

18.1 This Agreement may be executed in duplicate counterparts by the parties hereto, transmitted electronically or by facsimile. Each counterpart shall be deemed to be an original and all counterparts taken together shall constitute a whole original of the Agreement.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have hereunto set their hand as of the date below.

Dated: New York, New York  
       October 25, 2018

CHANEL, INC.

By: _/s/ Daniel Rosenberg_____

Name: _Daniel Rosenberg_____

Title: _General Counsel_____

Dated: Brooklyn, New York  
       October ___, 2018

RYAN LADIJINSKY

_____

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have hereunto set their hand as of the date below.

Dated: New York, New York
      October __, 2018

CHANEL, INC.

By:_____

Name:_____

Title:_____

Dated: Brooklyn, New York
      October 2_, 2018

RYAN LADIJINSKY

_____
*Ryan Ladijinsky* (signature)

## **EXHIBIT "A" List of remaining inventory**

Product                                                                  Quantity

1. Inimitable Intense 10 Noir                         2
2. Chance Creme Satinee Pour Le Corps Body Satin 2
3. Le Volume De Chanel Mascara 10 Noir        1
4. Coco Mademoiselle Shimmering Touch         1
5. Allure Gel Moussant Bath Gel                      1
6. Precision Mousse Confort Rich Foaming Cream Cleanser Comfort + Anti-Pollution     1
7. Levres Scintillantes 03 Glaze                       1
8. Perfection Lumiere Smooth-Effect Makeup Broad Spectrum SPF 15 Sunscreen 30 Beige     1
9. Vitalumiere Moisture-Rich Radiance Fluid Makeup SPF 15 35 Soft Bisque     1
10. Le Lift Firming-Anti-Wrinkle Creme           1
11. UV Essentiel Complete Sunscreen UV Protection Anti-Pollution Broad Spectrum SPF 50     1
12. Vitalumiere Aqua Ultra-Light Skin Perfecting Sunscreen Makeup Broad Spectrum SPF 15 30 Beige     1
13. Precision Sublimage Essential Regenerating Cream     1
14. Precision Ultra Correction Lift Lifting Firming

Day Cream SPF 15

1

15. Precision Rectifiance Intense Anti-Age Retexturizing Fluid SPF 15                1
16. Number 5 Gel Moussant Bath Gel             1
17. Allure Eau De Parfum                       1
18. Le Volume De Chanel Waterproof Mascara 20  1
19. Precision Ultra Correction Lift Total Eye Lift  1
20. Number 5 Parfum 6 ml                       1
21. Le Rouge Duo Ultrawear Liquid Lip Colour   1